1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 4/21/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT BARKER,                         )    No. C 11-0609 RMW (PR)
                                       )
                Petitioner,            )    ORDER OF DISMISSAL
                                       )
        vs.                            )
                                       )
WARDEN R. GROUNDS,                     )
                                       )
                Respondent.            )
_____ )

        Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2254 challenging a 2008 decision by the California Board of Parole Hearings'

("Board") finding him unsuitable for parole.  Petitioner has paid the filing fee.  For the reasons

stated below, the court DISMISSES the petition for failure to state a cognizable claim for relief.

**BACKGROUND**

        According to the petition, in 1986, petitioner was found guilty of first degree murder with

the use of a weapon, and was sentenced to a term of 26 years-to-life in state prison.  On

September 23, 2008, petitioner was denied parole.  Petitioner challenged this decision

unsuccessfully in all three levels of state court.

**DISCUSSION**

A.      Standard of Review

        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.11\Barker609dis.wpd

custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.     <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner claims only that the Board improperly denied parole based on the unchanging facts of the underlying commitment offense in the face of evidence of significant rehabilitation and without sufficient evidence that Petitioner would currently be a danger to society if released.  However, the Supreme Court has recently made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution.  <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 862-63 (U.S. 2011) (per curiam).  Specifically, this court's inquiry is limited to whether petitioner was given an opportunity to be heard, and given a statement of reasons for the denial.  <u>Id.</u> at 862, citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).  Thus, petitioner's claim fails to state a cognizable claim for federal habeas relief.  <u>See id.</u>

Accordingly, this case is DISMISSED for failure to state a claim.  The Clerk shall close the file and enter judgment in this matter.

<strong>CERTIFICATE OF APPEALABILITY</strong>

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.

IT IS SO ORDERED.

DATED: __4/21/11__

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge